[No. 12572.  Department Two.  August 20, 1915.]

TACOMA LUMBER & SHINGLE COMPANY *et al.*, *Respondents*,
v. FIREMAN'S FUND INSURANCE COMPANY, *Appellant*.[1]

INSURANCE—FIRE INSURANCE—CANCELLATION OF POLICY—NOTICE—
NECESSITY.  Under 3 Rem. & Bal. Code, § 6059-108, providing for the
cancellation of insurance policies only upon the giving of five days'
notice to the insured, an attempted cancellation without notice to
the insured is void.

SAME—POLICY—VALIDITY — PRIOR INSURANCE — SUBSTITUTION.   A
policy of fire insurance intended as a substitute for a prior policy,
the cancellation of which was ineffective, is void, since the prior
policy was still in effect.

SAME—POLICY—CANCELLATION—ACQUIESCENCE.  There can be no
acquiescence by the insured in the substitution of a policy of fire in-
surance for a prior policy, the cancellation of which was ineffective,
where the property was destroyed by fire before the insured was
notified of the attempted cancellation and substitution; especially
where surrender of the prior policy was refused.

SAME—POLICY—CANCELLATION—NOTICE — WAIVER — AUTHORITY OF
AGENTS.  Insurance agents representing several companies, and au-
thorized to keep a customer insured, have no authority to waive or
accept for the insured the required statutory notice of cancellation
of a policy.

Appeal from a judgment of the superior court for Sno-
homish county, Bell, J., entered July 7, 1914, upon findings
in favor of the plaintiffs, in an action on a fire insurance
policy, tried to the court.  Reversed.

*Granger & Clarke*, for appellant.

*Chas. J. Dobbs, Herr, Bayley & Wilson*, and *John E.
Gallagher*, for respondents.

MORRIS, C. J.—Appeal from a judgment sustaining a re-
covery upon a fire insurance policy.  The facts are about
these:  On May 19, 1912, Calhoun, Denny & Ewing, agents
at Seattle for several fire insurance companies, including the

[1]Reported in 151 Pac. 91.

Royal Insurance Company and appellant, wrote a policy in the Royal Insurance Company covering the property of respondent, and delivered the same to it. About the last of August a special agent of the Royal Insurance Company instructed Calhoun, Denny & Ewing to cancel this policy. Mr. Arnold, manager of the insurance department of Calhoun, Denny & Ewing, sought to inform respondent by telephone at Tacoma, its place of business, of this cancellation, but did not succeed in getting in touch with any one representing it. The next day Arnold went to Tacoma to give personal notice of the cancellation, but found no one upon whom he could serve notice. He then returned to Seattle and instructed one of the clerks in the office of Calhoun, Denny & Ewing to cancel the Royal policy and rewrite the insurance in the appellant company. These instructions were carried out the next day, and the policy handed Mr. Calhoun for signature. The policy was dated August 31, and on the same day the property was destroyed by fire. The policy was delivered to respondent on September 3, and on the same day Calhoun, Denny & Ewing learned of the fire. At the time of the delivery of the policy to respondent, a request was made for the surrender of the Royal Insurance Company policy, which request was not complied with, the policy being in possession of a bank at Everett and its surrender being refused upon a claim of interest in the loss.

It is evident that no notice of cancellation was given respondent, and that it had no knowledge of the attempted cancellation of the Royal policy and the substitution of the Fireman's Fund policy until after the fire. Section 108 of the insurance code (3 Rem. & Bal. Code, § 6059-108) provides for the cancellation of insurance policies only upon the giving of five days' notice to the insured. The policy issued by the Royal Insurance Company contained a like provision. Not having complied with the law nor its own stipulation as to cancellation, the Royal policy was still in force at the time of the fire; and as the policy of appellant was

intended to take effect only upon cancellation of the Royal policy, it follows that it never became effectual. We cannot subscribe to the doctrine that a fire insurance agent is such an agent of the insured that notice to him of the cancellation of a policy by the insurer is notice to the insured, nor that an attempt to cancel a policy pursuant to such notice without compliance with the terms of the statute or the stipulations of the policy will work a cancellation. The protection of an insurance policy would be precarious indeed if such should be held to be the law. Neither reason nor authority will sustain such a contention. *Stebbins v. Lancashire Ins. Co.*, 60 N. H. 65; *Waterloo Lumber Co. v. Des Moines Ins. Co.*, 158 Iowa 563, 138 N. W. 504, 51 L. R. A. (N. S.) 539; *Johnson v. North British & Mercantile Ins. Co.*, 66 Ohio St. 6, 63 N. E. 610; *John R. Davis Lumber Co. v. Hartford Ins. Co.*, 95 Wis. 226, 70 N. W. 84, 37 L. R. A. 131; *Commercial Union Assur. Co. v. State ex rel. Smith*, 113 Ind. 331, 15 N. E. 518; *Quong Tue Sing v. Anglo-Nevada Assur. Corp.*, 86 Cal. 566, 25 Pac. 58, 10 L. R. A. 144; *Hermann v. Niagara Fire Ins. Co.*, 100 N. Y. 411, 3 N. E. 341, 53 Am. Rep. 197; *Snedicor v. Citizens' Ins. Co.*, 106 Mich. 83, 64 N. W. 35; *British America Assur. Co. v. Cooper*, 6 Colo. App. 25, 40 Pac. 147; *Clark v. Insurance Co. of North America*, 89 Me. 26, 35 Atl. 1008, 35 L. R. A. 276.

It is self-evident that, since the cancellation of the first policy was invalid, the risk of the second did not attach. Undoubtedly the insured may waive notice of cancellation, since such provision is for his benefit, and may acquiesce in the substitution of policies, but the mere receipt of a second policy after the fire cannot be such a waiver, since the rights of the parties can only be determined as of the time of the fire. The refusal to surrender the first policy evidences the fact that respondent did not acquiesce in its cancellation nor admit its liability had fully ceased. It is contended that

Calhoun, Denny & Ewing were the agents of respondent authorized to accept cancellation and substitute new policies, but we find no evidence of any such authority. The most that can be said is that Calhoun, Denny & Ewing were authorized to keep respondent insured, an authority commonly given to insurance agents by those for whom they write policies; but this does not constitute authority to accept notice of cancellation, nor would it be so contended, we apprehend, if respondent was here seeking to recover upon the Royal policy. Certainly Calhoun, Denny & Ewing did not assume it had such authority or it would not have attempted to serve such notice, desisting only when it found itself unable to communicate with those representing respondent.

Respondent relies upon *Finley v. Western Empire Ins. Co.,* 69 Wash. 673, 125 Pac. 1012, as supporting its judgment. That case is not authoritative here for the reason that while Rogers & Rogers were the agents of the New Brunswick Fire Insurance Company, which issued the policy it was sought to cancel, they were not the agents of the Western Empire Insurance Company, which issued the second policy, but as to such policy acted as brokers for Finley. It will also be noted that the court based its opinion upon the subsequent acts of the insurer which were held to work an estoppel, the insurance company going so far as to issue its check in payment of the loss and seeking to defend as against the policy in an action brought upon the check. In *Finley v. New Brunswick Fire Ins. Co.,* 193 Fed. 195, in which the same insured as in the former case sought to recover upon the policy sought to be cancelled, it was held that, although the first policy had not been formally cancelled at the time of the loss, by acceptance of the second policy the insured had ratified the act of his agents in making the substitution, and for this reason could not recover upon the first policy. These cases present no question of double agency, as the agent obtaining the second policy was unquestionably acting for the insured, holding no relation whatever to the insurer.

These essential differences in fact place these cases in a line of authority not applicable here.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

FULLERTON, CHADWICK, and ELLIS, JJ., concur.