[No. 21530. Department Two. April 12, 1929.]

JOHN B. BACHE *et al., Respondents,* v. GREAT LAKES INSURANCE COMPANY *et al., Appellants.*[1]

*Fred G. Clarke,* for appellants.

*Poe, Falknor, Falknor & Emory* and *Roberts & Skeel,* for respondents.

PARKER, J.—By these four actions, consolidated for the purpose of trial in the superior court, and also for

[1]Reported in 276 Pac. 549.

the purpose of disposition upon appeal in this court, the plaintiffs, Bache and wife, seek recovery upon four fire insurance policies, issued one by each of the four defendant insurance companies. Trial upon the merits in the superior court, sitting without a jury, resulted in findings and judgments awarding to Bache and wife recovery upon each of the policies for the full amount thereof, from which each of the insurance companies has appealed to this court.

The facts are but little in dispute, and may be fairly summarized as follows: On August 24, 1926, the then owners of the property in question executed and delivered to the Peoples Savings & Loan Association a mortgage thereon to secure an indebtedness owing by them to it in the sum of $15,000. The mortgage contained, among other provisions, the following:

"The mortgagors covenant with the mortgagee as follows: . . . to keep all buildings in good repair and continuously insured in a company to be named by mortgagee in a sum not less than fifteen thousand and no/100 dollars.

"It is further agreed that all insurance policies upon the property herein described, shall be deposited with The Peoples Savings & Loan Association and shall contain the Standard Mortgage Clause in favor of the mortgagee, its successors or assigns.

"Should the mortgagors fail to keep any of the foregoing covenants, then the mortgagee may at its option carry out the same; and all its expenditures therefor shall draw interest until repaid at the rate of ten per cent per annum, shall be repayable by the mortgagors on demand, . . ."

On February 15, 1927, the owners who had executed the mortgage conveyed the property to Bache and wife, subject to the mortgage, and, of course, subject to the conditions of the mortgage above quoted. On May 25, 1927, there was in force a policy of insurance issued by the Peoples National Fire Insurance Com-

pany upon the buildings situated upon the property in the sum of $3,000, payable, in case of loss, to the owners, Bache and wife, or to Peoples Savings & Loan Association, mortgagee, as its interest may appear. On that day the Peoples National Fire Insurance Company caused to be served upon the Peoples Savings & Loan Association, the mortgagee, notice of cancellation of its policy, which notice reads in part as follows:

"Five days from the date of service of this notice said policy and the whole thereof, including the mortgage agreement, will stand cancelled, without further notice, and thereafter be null and void and no liability will exist thereunder."

Accompanying this notice there was returned the amount of the unearned premium theretofore paid upon the policy. The service of this notice and the return of the unearned premium were done looking to the cancellation of the policy, under Rem. Comp. Stat., § 7154. Promptly upon receipt of the cancellation notice, not later than May 26, 1927, the association, assuming to act for itself and as agent for Bache and wife, procured from, and caused to be issued by each of these four defendant insurance companies, a policy insuring the buildings situated upon the property in the sum of $750, for a term of three years commencing May 25, 1927, the date of the cancellation notice. These four policies were procured by the association with intent that they immediately take effect in place of the $3,000 policy issued by the Peoples National Fire Insurance Company, and that the insurance evidenced by that policy be then terminated. On May 28, 1927, a fire occurred which resulted in the total destruction of the buildings upon the property. The notice of cancellation was not served upon Bache and wife, the owners and mortgagors, nor did they learn of such notice or acts of the association assuming to cancel

the existing insurance and procure the new insurance until after the fire.

On September 16, 1927, after duly presenting proof of loss to the Peoples National Fire Insurance Company and its denial of liability, made upon the theory that its policy had been terminated by consent not later than May 26, 1927, Bache and wife commenced an action in the superior court for King county seeking recovery against that company upon its policy. This they claim was done as a matter of precaution on their part, they being uncertain as to whether that company's liability legally terminated prior to the fire. About the same time of presenting proof of loss to the Peoples National Fire Insurance Company, and prior to commencing action against that company, Bache and wife also duly presented proof of loss to these four defendant insurance companies upon each of their $750 policies.

On December 29, 1927, Bache and wife entered into an adjustment agreement with the Peoples National Fire Insurance Company, and several other insurance companies which were concededly liable under their respective policies for additional insurance. The Peoples National Fire Insurance Company, by the agreement, which was a settlement agreement as between Bache and wife and the Peoples National Fire Insurance Company, admitted the loss and the amount thereof, as the other insurance companies did, but denied its liability, upon the ground that its policy had, by the act of the association in procuring for Bache and wife and itself the four $750 policies from these four defendant companies in place of its policy not later than May 26, 1927, effected a voluntary cancellation of its policy. It was therein agreed as follows:

"It is understood and agreed by and between all of the parties to this agreement that any sum paid

hereunder by the Peoples National Fire Insurance
Company is paid without any admission upon its be-
half of liability, but solely for the purpose of avoiding
litigation, and shall not be construed as a waiver on
the part of said company to assert, in the proceedings
to be instituted against the four last above named com-
panies [these defendants], that in truth and in fact
there was no liability on the part of the Peoples
National Fire Insurance Company, nor shall anything
herein contained prevent any of the parties to this
agreement from contending that the policies written
by said four last above named companies were in ef-
fect at the time of said fire;''

it being further agreed that actions should be com-
menced in the superior court for King county in the
name of Bache and wife against each of these four
defendants, naming them, for the benefit of the
Peoples National Fire Insurance Company, seeking
recovery upon each of their $750 policies dated May
25, 1927; it being further agreed that any recovery
obtained in such actions against these four defendants
should be accounted for by Bache and wife to the
Peoples National Fire Insurance Company in such
manner that it be reimbursed for its settlement with
Bache and wife.

In June, 1928, Bache and wife commenced these four
actions, seeking recovery from these four defendant
insurance companies upon each of their $750 policies
for the loss occasioned by the burning of the building
upon the property. The action commenced by Bache
and wife against the Peoples National Fire Insurance
Company upon its $3,000 policy has been treated as
abandoned. On January 16, 1928, the $15,000 mort-
gage upon the property having been satisfied, was
formally released by the Peoples Savings & Loan As-
sociation, and it thereupon ceased to have any interest
in this litigation, though it was up to that time a party
to these actions because of its interest as mortgagee.

Thereafter these actions were consolidated and brought to trial in the superior court, resulting in judgments in favor of Bache and wife and against each of the defendant insurance companies, awarding recovery as above noticed. It is apparent that this is, in substance, a controversy between Bache and wife in behalf of the Peoples National Fire Insurance Company, and the four defendant insurance companies, as to whether the $3,000 policy of the Peoples National Fire Insurance Company was in force at the time of the fire, or the $750 policies of the four defendant insurance companies were in force at the time of the fire.

As we understand counsel, it is conceded that the procuring of new insurance by an owner, or by his agent authorized so to do, for a term commencing before the expiration of the term of existing insurance, with intent to have the new insurance take the place of the existing insurance, and no intent to thereby acquire additional insurance, constitutes in law an effective, voluntary cancellation of the existing insurance. This, we think, is recognized to be the law in our decisions in *Finley v. Western Empire Ins. Co.,* 69 Wash. 673, 125 Pac. 1012; *Tacoma Lumber & Shingle Co. v. Fireman's Fund Ins. Co.,* 87 Wash. 79, 151 Pac. 91, and *Violette v. Insurance Co. of Pennsylvania,* 92 Wash. 685, 159 Pac. 896, 161 Pac. 343.

So our problem in its final analysis is, did the association mortgagee possess power, as agent of Bache and wife, to effectively cause their voluntary cancellation of the existing $3,000 policy of the Peoples National Fire Insurance Company before the occurrence of the fire on May 28, 1927. It is plain that neither Bache nor his wife personally caused any such voluntary cancellation of that policy.

We have seen that it was covenanted in the mort-

gage; that the mortgagors were to keep the buildings insured in a company to be named by the mortgagee; that all policies should be deposited with the mortgagee and contain the standard mortgage clause in favor of the mortgagee; and that the mortgagee should have the right to procure the insurance upon the failure of the mortgagors to do so. These mortgage provisions seem to constitute the principal agency authority of the association to cause to be substituted the new insurance and thereby effect cancellation of the existing $3,000 policy of the Peoples National Fire Insurance Company. This, we think, did not constitute the association mortgagee the agent of Bache and wife for that purpose.

This problem, presented, in substance, as it is here presented, was well considered by the supreme court of Idaho in *McDonald v. North River Ins. Co.,* 36 Idaho 638, 213 Pac. 349. An automobile was purchased by McDonald from Folts Motor Car Company, which company retained a lien in the nature of a mortgage to secure a part of the purchase price, apparently as the law of Idaho authorized. McDonald agreed to insure the car and make the policy payable to the motor car company, as its interest might appear; further agreeing that in case the insurance was not procured, the company might procure it and charge the cost thereof against him. Such policy was procured. Thereafter the motor car company, or rather its assignee, assuming to act for itself and as agent for McDonald, consented to the cancellation of the policy and obtained another policy. Holding that such cancellation was ineffectual as against McDonald, Chief Justice Budge, speaking for the court, said in part:

"The relationship existing between the respondent and the Folts Motor Car Company is similar to that

of mortgagor and mortgagee or pledgor and pledgee. Of this relationship appellant had full notice when the policy was issued, and made the same payable to respondent and Folts Motor Car Company as their interests might appear. Under these circumstances, notice of cancellation of the policy to, or the surrender of the policy by, the Folts Motor Car Company would not be notice to respondent, neither would a surrender of the policy by the Folts Motor Car Company defeat his right to recover thereon."

This view of the law seems well supported by the authorities therein reviewed, both as to the agency power of the motor car company or its assignee to receive notice of cancellation and as to it voluntarily consenting to cancellation of the policy. Observations made in our decision in *Tacoma Lumber & Shingle Co. v. Fireman's Fund Ins. Co.*, 87 Wash. 79, 151 Pac. 91, are in harmony with this view of the law.

Counsel for appellants particularly stress the provisions of the mortgage requiring the "mortgagor to keep all buildings continuously insured in a company to be named by mortgagee," and also the right of the association mortgagee to have possession of the policy or policies. As to the former, there is nothing to indicate, and it is not claimed, that the Peoples National Fire Insurance Company was not named and chosen by the association mortgagee. We do not think its right went so far as to enable it to change its choice of insurance company or companies during the specified term. As to the association mortgagee's right of possession of the insurance policy or policies, we do not think such right evidences any intent on the part of the mortgagors to make the association mortgagee their agent for the purpose of cancelling such insurance during the specified term. It may be that the relation of the parties to the mortgagee was such that the association mortgagee could be con-

sidered as the agent of Bache and wife, the mortgagors, to the extent of enabling the association to procure new insurance to take effect upon the expiration of the specified term of the existing insurance, when the term of the existing insurance would be about to expire with the likelihood of the mortgagor neglecting to procure new insurance; but that is not a question here to be considered.

Some contention is made in behalf of appellants rested upon the theory of ratification by Bache and wife of the procuring of the four $750 policies issued by the defendant companies in place of the $3,000 policy issued by the Peoples National Fire Insurance Company. All that was done by Bache and wife which is relied upon as ratification occurred by their entering into the compromise settlement agreement with the Peoples National Fire Insurance Company and the bringing of this action against defendant insurance companies long after the attempted cancellation of the existing $3,000 insurance policy by the association mortgagee. In view of the peculiar nature of this controversy, it being a mere question of whether or not the $3,000 policy of the Peoples National Fire Insurance Company or the four $750 policies of defendant insurance companies were in force at the time of the fire, it seems to us the controversy must be determined as between the insurance companies upon facts existing at the time of the alleged cancellation and substitution of the insurance. The existing policy was cancelled or it was not cancelled at that time, and we think the defendant insurance companies have a right to have that question determined upon facts then existing.

Some contention is made in behalf of the Peoples National Fire Insurance Company rested upon the theory that the exercise of the claimed agency au-

thority of the association in procuring the four new policies from the defendant companies in place of the existing policy of the Peoples National Fire Insurance Company, was in accordance with a custom binding upon Bache and wife, mortgagors. The evidence fails to show that the original owner mortgagors or Bache and wife, their successors in interest, had any knowledge of any such custom, nor is the evidence such as to bind them to any such general custom, though there is some evidence that the association did often cause new insurance to be written in place of expiring insurance to become effective upon the expiration of the expiring term, without consulting its mortgagors.

We conclude that the judgment must be reversed upon the ground that the four policies of the defendant companies were not in force at the time of the fire. It is so ordered.

MITCHELL, C. J., BEALS, MILLARD, and FRENCH, JJ., concur.