[No. 7844–5–I.   Division One.   March 17, 1980.]

PERSING, DYCKMAN & TOYNBEE, INC., *Appellant*, v.
GEORGE SCOFIELD COMPANY, INC.,
*Respondent*.

*John Miller* and *Rovai, McGoffin & Turner*, for appellant.

*Robert A. Comfort* and *Billett, Comfort & Rosenow*, for respondent.

JAMES, J.—Persing, Dyckman & Toynbee, Inc. (PDT), sued George Scofield Company, Inc. (Scofield), for damages; Scofield counterclaimed. At bench trial, judgment was entered substantially in favor of Scofield. We affirm.

The trial judge's findings, to which no error is assigned, establish that: PDT is an insurance broker. In June 1977, Scofield ordered insurance from PDT at an annual premium of $33,203. Scofield financed the premium by means of a promissory note and insurance premium collateral agreement with Puget Sound National Bank. As permitted by the policy, on June 23, 1977, Scofield canceled the insurance obtained through PDT, named a new broker of record and obtained a new policy of insurance from the same insurer. By the terms of the canceled policy, Scofield was entitled to a partial premium refund, and PDT was entitled to its commission for the period the policy was in effect, computed at the rate of 8 percent of $33,203 for 23 days, for a sum of $167.38.

However, under local insurance industry custom, PDT would have no further contact with Scofield but would be entitled to retain its full commission as though the policy remained in effect for a full year. The new broker of record would see to it that Scofield was credited for amounts paid to PDT.

PDT did not attempt to refund any sums to Scofield. As was customary, the full amount received less its full commission was transmitted to the insurer. Prior to trial, PDT had either been credited or offered credit by the insurer for all amounts not actually due the insurer.

Scofield understood that its obligation on the note ceased with the cancellation of insurance written through PDT. When the note went into default, PDT paid the bank and took an assignment of the bank's rights.

PDT brought this suit for the amount of the note but modified its claim to one for damages incurred as a result of Scofield's failure to timely pay the note and for attorney's fees. Scofield counterclaimed for $3,469.07, representing the amount of one monthly payment it had inadvertently made to the bank on the note after cancellation of the insurance. The trial judge entered judgment in favor of Scofield on its counterclaim. He concluded that PDT was entitled to be reimbursed for a prepayment penalty of $252.49 charged by the bank in addition to the $167.38 earned commission. No attorney's fees were awarded.

■ PDT first contends the trial judge erred by entering judgment as he did. Because the findings of fact are not challenged, they are accepted as verities on appeal. Our sole inquiry is to determine whether they support the conclusions of law and the judgment. *McIntyre v. Fort Vancouver Plywood Co.*, 24 Wn. App. 120, 600 P.2d 619 (1979). We hold that they do.

PDT's theory for recovery is that Scofield's new broker failed to follow an industry custom which required the new broker to undertake the responsibility of obtaining the partial premium refund from the insurer. PDT contends that Scofield as principal is responsible for the actions of its agent—its new broker who was acting within the scope of his authority. We do not agree.

■ The trial judge concluded that a trade custom between competing insurance brokers which was unknown to Scofield could not affect Scofield's right to reimburse-

ment from PDT upon cancellation of the policy which PDT had written. We agree. *Bache v. Great Lakes Ins. Co.,* 151 Wash. 494, 276 P. 549 (1929).

PDT next contends that the trial judge erred in failing to award it attorney's fees as allowed by the terms of the note. We find no error. The awarding of attorney's fees pursuant to contract is within the sound discretion of the trial judge. *Culinary Workers Local 596 v. Gateway Cafe, Inc.,* 91 Wn.2d 353, 588 P.2d 1334 (1979). Here, the failure to award attorney's fees is supported by the trial judge's conclusion that "[p]laintiff's additional expenses herein, . . . have resulted from a course of conduct which was largely of plaintiff's own choosing." Conclusion of law No. 9.

Affirmed.

CALLOW, C.J., and DORE, J., concur.

Reconsideration denied April 9, 1980.

Review denied by Supreme Court June 6, 1980.