[No. 4963-9-III. Division Three. December 15, 1983.]

FEDERATED AMERICAN INSURANCE COMPANY, *Respondent,*
v. CLYDE STRONG, *Appellant.*

*Harry E. Ries* and *Ries & Kenison,* for appellant.

*W. Matt Murray* and *Murray, Dunham & Murray,* for respondent.

EDGERTON, J.*—In December 1977, Clyde Strong's wife Lisa Strong, while driving his Oldsmobile Toronado automobile, intentionally collided with two other automobiles. While at the time the Strongs had been separated for several months, she was using the car with permission. She first drove her auto into one driven by Constance Lindell, then drove her vehicle around the Lindell auto and struck a second auto driven by Karl Reuble. Going into reverse gear, Mrs. Strong then backed her auto until it again struck the Lindell vehicle. After striking the Lindell auto the second time, she drove around that auto and into the Reuble car a second time, then turned her auto around and attempted to drive it up an embankment up which Mrs. Lindell was retreating. At the time of these collisions the Strong auto was covered by an insurance policy in full force and effect with the plaintiff Federated American Insurance Company.

---

*Judge Ralph P. Edgerton is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

That policy provided liability and physical damage coverage.

In May 1979, Federated American Insurance Company brought a declaratory judgment action against the Strongs and others seeking a decision of no liability for the results of the December 1977 collisions. Defendant Clyde Strong answered, denying plaintiff insurance company's claim that its policy did not cover the resulting loss, and counterclaimed that the company had breached its contract in that it had failed and refused to provide him with a defense to the Reubles' suit for damages arising from the automobile collisions brought against him, a defense he had tendered the company, and that the company had additionally violated the Washington Consumer Protection Act. In an amended counterclaim, Clyde Strong also sought recompense for his damaged auto. Plaintiff's reply denied the allegations of both counterclaims.

Lisa M. Strong, one of the original defendants, made no appearance in the action. All other defendants except for Clyde Strong were dismissed from the case by stipulation. Consequently, Federated American Insurance Company and defendant Clyde Strong alone remain contestants in this appeal. Both Strongs were included in the insurance contract's coverage where its protective provisions apply.

The insurance contract in question had two parts: one entitled Liability Section, the other, Physical Damage Section. Under Liability, plaintiff agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by any person;
B. injury to or destruction of property, including loss of use thereof, hereinafter called "property damage";

However, the insurance contract contained this exception:

This policy does not apply under the Liability Section:
. . .
(b) to bodily injury or property damage caused inten-

tionally by or at the direction of the insured;

That Lisa Strong intentionally drove her auto into two other automobiles stands unchallenged. The trial judge made this finding:

That on or about December 12, 1977 the defendant Lisa M. Strong was driving said 1975 Oldsmobile Toronado automobile when she intentionally and at her direction caused said automobile to collide on two occasions with the automobile owned and driven by Karl L. Rueble [sic] and an automobile owned and driven by Constance A. Lindell, said collisions occurring on Interstate Highway 90 approximately 5.3 miles east of Moses Lake, Washington.

No error is assigned to that finding, and so on appeal it becomes a verity. *Persing, Dyckman & Toynbee, Inc. v. George Scofield Co.*, 25 Wn. App. 580, 582, 612 P.2d 2 (1980). Moreover, a criminal charge being lodged against Lisa Strong as a result of the collisions, she pleaded guilty to a plea bargaining charge of malicious mischief. The trial judge in this case was the sentencing judge in that case, thus giving him double knowledge of the facts. Obviously, Lisa Strong would not be covered or protected by the policy under its liability section.

■ With respect to the Physical Damage Section of the contract, the policy provided:

Coverage E—Collision: To pay for loss to the owned automobile or non–owned automobile caused by collision.

In a subsequent paragraph, the policy defines "loss" as

"loss" mean[s] direct and accidental loss of or damage to (a) the automobile, including its equipment, or (b) other insured property;

and "collision" as

"collision" means collision of an automobile covered by this policy with another object or with a vehicle to which it is attached or by upset of such automobile;

Thus, the loss for which the company would be liable under the insurance policy would have to be accidental. An intentional auto collision does not produce an accidental loss.

The collisions resulting from intentional acts on the part of Lisa Strong were not accidents and accordingly plaintiff is in no way obligated to her.

There remains the issue of whether Federated American Insurance Company is obligated to defend Clyde Strong in the Reuble action brought against him.

The Liability Section of the contract contains the following severability clause:

> The insurance afforded under the Liability Section applies separately to each insured against whom claim is made or suit is brought, . . .

Based on this, defendant argues he is not excluded from the coverage of the contract because of his wife's malfeasance, although his wife is; that her intentional actions are not his; that he is separately insured. He relies on *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. 81,* 20 Wn. App. 261, 579 P.2d 1015 (1978), and the following statement of the rule there announced:

> The policy extends defense and indemnification to "the Insured," and it excludes from coverage intentional acts resulting in injury or damage "expected or intended from the standpoint of the insured." The parties concede the boy and the Hensleys are all "insureds" under the policy. In such instances, where coverage and exclusion is defined in terms of "the insured," the courts have uniformly considered the contract between the insurer and several insureds to be separable, rather than joint, *i.e.,* there are separate contracts with each of the insureds. The result is that an excluded act of one insured does not bar coverage for additional insureds who have not engaged in the excluded conduct.

*Unigard Mut. Ins. Co.,* at 265–66. Following this case as precedent, although Lisa M. Strong's action was intentional and therefore there could be no liability coverage as to her, her husband's separate coverage would still obligate plaintiff insurance company to cover and protect him. This assumes that the fault of the one member of the marital community, her act excluded under the policy, would not be imputed to her spouse so as to defeat his claim for pro-

tection under the contract. While there may be a question as to whether the severability clause applies where a marital community is comprised of two insureds, there is another principle involved in this case.

Lisa Strong's intentional collision constituted not only a tort, but a criminal act. Indeed, she was so charged and convicted. This, then, was beyond the scope of her use, whether treated as family or marital community use. A husband is not liable for the acts of his wife in operating a motor vehicle solely by virtue of their relationship. As stated with respect to a child of the family: "The liability, if any exists, must rest in the relation of agency or service". *Birch v. Abercrombie,* 74 Wash. 486, 491, 133 P. 1020 (1913). Both the family use doctrine and community responsibility for torts are parallel rules grounded in the law of principal and agent, and, although broadened as they have become by adaptation to differing times, needs and circumstances, one major premise remains—that they must have been employed in the express or implied exercise of authority within the scope of the agency. Lisa Strong's collisions do not meet that test. If it be concluded that there is no community liability in this case, no personal liability on husband Strong's part, and because of the severability clause, he is still covered by the insurance contract, why would he not be entitled to have the insurance company defend him in the suit brought against him arising out of the collisions? The answer is that such a result would be a benefit to the Strong marital community. Since it would arise from the wrongdoing of one of its members, it would violate public policy to reward that community. Even though as such it would not be liable (one member being totally at fault, the other factually quite innocent and the guilty one acting outside the scope of any agency, express or implied), a community could not lawfully benefit from the wrongful act of one of its members. Our court has so held in *U.S.F. & G. Ins. Co. v. Brannan,* 22 Wn. App. 341, 589 P.2d 817 (1979), where it is said at page 349:

> To permit the other spouse, in this case the wife, to get the benefit of the insurance would mean that the community would benefit from the wrongful act of one of its members. This would be contrary to public policy. *Unigard* does not support this result even though there are separate insureds. The community must accept the fact that there would be no insurance if one of its insureds should commit an act which is excluded and which binds the community.

Thus, there can be no coverage for Clyde Strong as well as Lisa Strong. To hold otherwise would nullify the provision excluding intentional acts from the policy of Lisa Strong.

Provisions of the policy in question as to loss from collision have been quoted earlier.

Again, it should be noted that both of the Strongs are insureds under the contract. The quoted language establishes that the payable loss must be an accidental loss. Accident is defined as follows in *Glens Falls Ins. Co. v. American Oil Co.*, 254 Md. 120, 127–28, 254 A.2d 658, 662 (1969):

> "It is quite clear that the term 'caused by accident' would not include injuries intentionally inflicted, this generally being considered a risk which it would be against public policy to insure.
>
> * * *
>
> "An accident, in the eyes of the law, is an undesigned and unforeseen occurrence of an unfortunate character resulting in bodily injury to another. . . ."

It is obvious that Lisa Strong's collisions being intentional were no accidents, but it is contended that what was not accidental as to her, because unexpected by her spouse, might be treated as an accident as to him, thus allowing him recovery under the insurance policy. However, the fact remains these two people were a marital community. The auto involved in the case for which defendant seeks damages was community property. So the question whether the fact defendant did not anticipate the occurrence makes it an accident as to him although not to his wife does not require an answer. Again, to allow him to recover under such a theory would be a community benefit and violation

of public policy under the *Brannan* case.

The trial court did not err in ruling that defendant could not recover damages for his Toronado.

 Defendant's final assignment of error is that the trial court concluded that plaintiff had not violated any provision of consumer protection laws of the State of Washington, conclusion of law 7. As pointed out by plaintiff, our review of that conclusion is limited. It is expressed in *Phillips v. Hardwick*, 29 Wn. App. 382, 387, 628 P.2d 506 (1981):

> Where the trial court has weighed the evidence, appellate review is limited to determining whether the trial court's conclusion of law and judgment are supported by the findings, and whether the findings in their turn are supported by substantial evidence.

We have reviewed the record in this case and are satisfied that the trial court's conclusions of law and judgment are supported by the findings and substantial evidence. A review of the evidence discloses that defendant failed to prove his claim in this regard.

The decision of the trial court is affirmed.

GREEN, A.C.J., concurs.

McINTURFF, J. (dissenting)—The majority opinion imputes the intentional acts of the wife to the husband and denies him the insurance coverage he paid for and had a contractual right to receive. I disagree and respectfully dissent.

The Federated American Insurance Company (Federated) issued an insurance policy which listed Clyde and Lisa Strong as insureds. The policy contained a severability clause in the liability section which provided separate contracts of insurance to each spouse. The policy also provided that Federated would not provide coverage for damages resulting from an intentional act of the insured. Because Mrs. Strong intentionally caused the collision, Federated properly denied her coverage. However, Mr. Strong was still

entitled to the coverage created by the severability clause. Because the policy created separate contracts of insurance, the excluded acts of one insured cannot bar coverage for an additional insured who has not engaged in the excluded conduct. *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. 81,* 20 Wn. App. 261, 265–66, 579 P.2d 1015 (1978). Thus under the terms of the policy, Federated had a contractual duty to provide coverage to Mr. Strong.

The majority opinion imputes the intentional acts of Mrs. Strong to Mr. Strong. It holds that to allow Mr. Strong to recover under his separate contract of insurance would allow the marital community to benefit which would be contrary to public policy as stated in *U.S.F. & G. Ins. Co. v. Brannan,* 22 Wn. App. 341, 589 P.2d 817 (1979). In *Brannan,* a husband shot his two business partners. He and his wife had purchased a homeowners policy which excluded coverage if the business pursuits of *any* of the insureds gave rise to the damage. Because the policy did not contain a severability clause, *Unigard* was distinguished:

> In *Unigard Mut. Ins. Co. v. Spokane School Dist. 81,* 20 Wn. App. 261, 579 P.2d 1015 (1978), a young boy, insured through the policy of his parents, set fire to a school. The court noted:
>> The policy extends defense and indemnification to "the Insured," and it excludes from coverage intentional acts resulting in injury or damage "expected or intended from the standpoint of *the insured.*"
> (Italics ours.) *Unigard Mut. Ins. Co. v. Spokane School Dist. 81, supra* at 265. Since there were several insureds, there were separate contracts. The result was that an excluded act of one insured, an intentional act in *Unigard,* did not bar coverage for additional insureds, who had not engaged in excluded conduct. The parents were liable for their son's intentional act, but since the parents did not intend the act, the policy was available to protect them or their creditor the school district.
> The instant case concerns a different coverage exclusion than that involved in *Unigard.* Here, the policy does not apply to "damage arising out of business pursuits of *any Insured*" (italics ours); thus, it does not matter that

the event did not arise out of Mary Brannan's business. The policy provides no coverage if the business pursuits of *any* of the separate insureds gave rise to the damage. Thus, *Unigard*'s holding, that this type of insurance policy is severable with respect to the various named insureds, becomes irrelevant to this issue.

*U.S.F. & G. Ins. Co. v. Brannan, supra* at 347–48.

The majority's reliance on *Brannan* is questionable. First, *Brannan* is clearly distinguishable. The policy in *Brannan* did not contain a severability clause. Second, the public policy analysis in *Brannan* appears to be in question following our Supreme Court's decision in *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 643 P.2d 441 (1982). In that case, the family or household exclusion clause was held to be in violation of public policy. That clause excludes coverage for bodily injury to any member of the family residing in the same household as the insured. Our Supreme Court expressed the strong public policy of assuring protection to the innocent victims of automobile accidents. *Wiscomb,* at 207. I cannot overlook the fact that this case, like most cases involving automobile collisions, involved vehicles and persons other than the insured and their insurance company. The present case involved two other drivers and vehicles. By judicially excluding coverage, it is possible that these innocent third parties will be left without an effective remedy.

We must remember that Federated drafted and issued the present policy which contained the severability clause. Federated also accepted Mr. Strong's premium payments. If Federated desired to have the intentional act of *any* insured to exclude coverage for *all* insureds, it should have drafted the policy to reflect that desire.

The majority opinion discusses community property principles, agency law, and community benefit and liability. This discussion overcomplicates the issue before the court. The fact remains that Mr. Strong paid for and was issued an insurance policy which covered his losses. The only issue is whether the irresponsible acts of his estranged wife

should be imputed to him so as to relieve Federated from its contractual obligation. In this day of "individualness", to relieve Federated of its duty to pay offends my sensibilities.

The judgment of the Superior Court should be reversed and Federated directed to pay its contractual obligation.

Reconsideration denied January 4, 1984.

Review granted by Supreme Court February 17, 1984.