[No. 11705.   Department One.   May 8, 1914.]

BOWMAN RALSTON et al., Appellants, v. ROYAL INSURANCE
COMPANY, LIMITED, OF LIVERPOOL, Respondent.[1]

INSURANCE—CANCELLATION—NOTICE—SIGNATURE.   A notice of the
cancellation of a fire insurance policy is not insufficient because not
signed by the company, where it was signed by an agent duly author-
ized to cancel policies.

SAME—NOTICE—SUFFICIENCY.   A notice that, if the premium is
not paid on or before noon of a day named, a policy of fire insur-
ance "will stand cancelled without further notice," is a notice of
cancellation, if the payment is not made, and not merely notice of
an intention to cancel the policy.

[1]Reported in 140 Pac. 552.

SAME. Where a policy of fire insurance required five days' notice of cancellation, a notice of cancellation for nonpayment of premiums to the effect that, unless payment is made, the policy will stand cancelled at noon of a day fixed, is not invalidated by the fact that the day fixed allowed but four days' notice; since the notice would bcome effective five days after its receipt.

SAME—CANCELLATION—EVIDENCE—SUFFICIENCY. A cancellation of a policy of fire insurance is shown where unequivocal notice was given that it would stand cancelled without further notice if premiums were not paid within a time fixed, and the manager of the agency directed its cancellation on the books of the company.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 24, 1913, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Arctander & Jacobsen,* for appellants.
*Granger & Clarke,* for respondent.

MAIN, J.—The purpose of this action was to recover upon a fire insurance policy.

The facts are substantially as follows: On September 25, 1912, the Royal Insurance Company, through its agent, Calhoun, Denny & Ewing, incorporated, issued to Bowman Ralston an insurance policy covering household furniture. Among the articles included, was a piano. As to this, it was provided that loss, if any, should be payable to Eilers Music House, as its interest might appear. The term of the policy was for one year from the 24th day of October, 1912, to be 24th day of October, 1913. The clause in the policy covering the right of cancellation was this:

"This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days notice of such cancellation."

The premium or consideration for which the policy was issued was the sum of $18.88. This at no time has been paid. On February 4, 1913, the following notice of cancellation

by registered mail was sent to both Ralston and the Eilers Music House, and was received on the day following:

"Notice of Cancellation for Non-Payment of Premium
                              "Seattle, Wash., Feb. 4th, 1913.
"To Mr. Bowman Ralston,
    "1408 Second Avenue, City,
and Eilers Music House, Mortgagee: 3rd & University, City.

"You are hereby notified, That payment has not been made at this office of the premium of $18.88 under policy No. 705-877, dated October 24th, 1912, for $1250.00 covering on household goods and piano issued for you on application of yourself in the Royal Insurance Company, Ltd., of Liverpool. Demand is therefore made on you for said premium, and unless the same is paid on or before 12 o'clock noon of the ninth day of February, 1913, at our office in Seattle, Washington, said policy including the mortgage agreement, if any, will stand cancelled for non-payment of premium, without further notice, and all liability thereunder immediately cease and determine after said hour and date. In event of cancellation as above, you will be held liable for the pro rata earned premium of $1.87, which must be paid at our office or to our collector without delay.

                              "Calhoun, Denny & Ewing,
"Office 201-7 Alaska Bldg.          By E. Arnold, Agent."

On February 13, 1913, the property covered by the policy was damaged or destroyed by fire. Thereafter, and on the 12th day of April, 1913, the present action was instituted to recover the loss sustained by the fire. After the issues were formed, the cause came on for trial before the court without a jury. A judgment was entered dismissing the action. The plaintiffs appeal.

The only question presented upon the record is whether the insurance policy had been cancelled prior to the time the fire occurred.

It is first argued that the cancellation notice was not the act of the insurance company, because it did not purport to be signed by it. But this contention is without merit. On the face of the policy, after what purports to be the signature of the insurance company, there is the signature of Calhoun,

Denny & Ewing, as agent. During the trial, the appellants admitted that the agent, Calhoun, Denny & Ewing, at the time of the issuance of the policy, had and ever since has had written authority from the insurance company to cancel policies. When the notice of cancellation was sent, it was accompanied by a letter which advised Ralston that the company was demanding the cancellation of the policy if the premium were not paid. It would seem that nothing further need be said upon this point.

It is next argued that the notice served did not purport to be a present cancellation, but indicated only an intention to cancel at a future time conditioned upon the nonpayment of the premium. Many authorities are cited sustaining the rule that a notice which only shows an intention to cancel at a future time and upon noncompliance with certain conditions, is not sufficient. A review of these authorities would render little if any aid, as each case must depend to a large extent upon the language of the cancellation notice. In the present case, the notice is more than a mere expression of an intention to cancel at a future date; it is an unequivocal declaration that, if the premium is not paid on or before 12 o'clock noon of the day named, then the policy "will stand cancelled for nonpayment of premium without further notice." Language could hardly make it plainer that it was the intention, if the premium were not paid as indicated, that then the policy was cancelled, and this without further notice. We think the record shows that Ralston so understood the notice. After the fire, he called upon the manager of the insurance department of Calhoun, Denny & Ewing and desired to pay the premium and have the policy reinstated. Ralston denied that he, in this conversation, recognized that the policy had been cancelled. But the weight of the evidence is against his position. On the same day, he addressed a letter to W. M. Calhoun, of Calhoun, Denny & Ewing, in which he stated that he would esteem it a great favor if Mr. Calhoun would influence his company to audit the claim. In this

letter, he makes no claim that the policy had not been cancelled. A notice of cancellation which states that the policy will stand cancelled without further notice, at a certain time, unless the premium be paid, works a rescission of the contract of insurance if there be not a payment of the premium prior to the time that the notice of cancellation becomes operative. In *Bergson v. Builders' Ins. Co.*, 38 Cal. 541, it is said:

"The company having notified the insured that, if the balance of the premium was not paid by the 31st day of December, the company would cancel the policy on the following day—that is, treat it as rescinded—and the money not having been paid by the day mentioned, the company had the right to treat it as rescinded from that time. No further act was requisite on the part of the company to effect the rescission. No money was required to be returned to the insured, for none was due them; and notice that the contract had been rescinded was not necessary to be given, for they were already informed that it would be rescinded if they did not pay the premium, and the notice would not have enabled them to have protected themselves in any manner, under the contract, nor to have avoided or obviated the rescission."

It is also claimed that the cancellation notice was void because it fixed the date of cancellation as the 9th at 12 o'clock which was only four days after the delivery of the notice, and the policy provided that it might be cancelled upon five days' notice. Under this clause of the policy, no notice of cancellation could be effective until five days after its delivery. The notice was delivered on the 5th. The fire occurred on the 13th. It thus appears that more than five days had expired between the time of the receipt of the notice and loss occasioned by the fire. The notice would become effective five days after it had been received, notwithstanding the fact that it specified a shorter period. In *Commercial Union Fire Ins. Co. v. King* (Ark.), 156 S. W. 445, the policy upon which the action was based required a five days' notice of cancellation. The letter of cancellation stated that "We will

cancel this policy tomorrow," which would be only one day's notice instead of five. It was held that the notice of cancellation became effective five days after its receipt by the assured.

One other argument will be noticed. It is claimed that no cancellation in fact took place. The notice of cancellation was so unequivocal in terms as to admit of no doubt that, at the expiration of the time specified, if the premium had not previously been paid, the policy would in fact stand cancelled, and this, as already stated, without further notice. The evidence also shows that the manager of the insurance department of Calhoun, Denny & Ewing, directed that the policy be cancelled upon the books of the company.

Finding no merit in any of the assignments of error, the judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.