[No. 18287. Department Two. January 7, 1924.]

P. D. SNAVELY, *Respondent,* v. LONDON ASSURANCE CORPORATION OF LONDON, ENGLAND, *Appellant.*[1]

INSURANCE (102)—FORFEITURE—PAYMENT OF PREMIUMS TO AGENT —STATUTES. Payment of a premium upon a policy of automobile insurance, made to the soliciting agent, is a payment to the company, under Rem. Comp. Stat., § 7033.

SAME (64, 67)—POLICY — CANCELLATION — NOTICE — REFUND OF PREMIUM—WAIVER OF CONDITIONS BY INSURED. Under Rem. Comp. Stat., § 7154, the cancellation of a policy of insurance upon five days' notice is ineffective unless the company paid or offered to return the prorated amount of the unearned premium which it had received; and such return is not waived by the assured's statement that he would return the policy and secure a policy in a larger amount.

Appeal from a judgment of the superior court for Yakima county, Gilbert, J., entered March 17, 1923,

'Reported in 221 Pac. 611.

upon findings in favor of the plaintiff, in an action on an insurance policy, tried to the court.   Affirmed.

*E. Eugene Davis,* for appellant.

*Grady & Velikanje,* for respondent.

PEMBERTON, J.—Respondent secured judgment in the amount of $1,500 upon a fire insurance policy upon an automobile belonging to respondent.  From this judgment this appeal is taken.

The complaint sets forth that, while the insurance policy was in force, the automobile was totally destroyed by fire; that the proof of loss was duly made, and that appellant refused and failed to pay the amount due upon the policy.  The answer admits the issuance of the policy, denies that the premium had been paid, denies the total loss of the automobile, admits the furnishing of the proof of loss and, as an affirmative defense, alleges that the automobile was the property of one J. E. Spitzmesser, who had sold it to respondent under a conditional sale contract.   It also alleges that, on January 30, 1920, more than five days prior to the fire, it gave respondent five days' written notice of cancellation of the policy, and that respondent agreed with appellant that the policy be and the same was cancelled.  The reply of respondent denies the affirmative allegations of the answer.

The testimony in the case shows that J. E. Spitzmesser sold an automobile to respondent on conditional sale contract; that, at this time, one J. B. Harris was the agent of appellant, with authority to write and issue fire insurance policies, and had in his employ one H. E. Hare as an insurance solicitor; that J. E. Spitzmesser, on October 25, 1919, paid H. E. Hare the amount of $22.50, the premium due upon the policy, and the policy was issued to respondent with a rider

attached thereto as follows: "Loss, if any hereunder, shall be payable first, to said Vendor (J. E. Spitzmesser) . . . and, second, to said Vendee . . ," and on the same date a statement was submitted by James B. Harris and given to Jas. E. Spitzmesser showing that there was due from P. D. Snavely to James B. Harris the amount of $22.50 for the following item: "To insurance premium Policy No. 9704 London Assurance Corporation $1,500 1 year $1.50 Hudson 1920 Cabriolet." This statement was marked paid October 26, 1919, by H. E. Hare. On January 28, notice of cancellation in writing was given respondent. Respondent stated soon thereafter that he wanted some additional insurance upon his automobile, and also stated that he would return the policy. The policy was not returned and the fire occurred more than six months thereafter.

At the time of the trial, neither respondent or Spitzmesser were called as witnesses. Testimony was offered to prove the signature upon the check given October 25, 1919, to H. E. Hare, marked thereon "Ins," signed by Jas. E. Spitzmesser; also to prove the signature upon the receipt of the bill for the insurance given on October 26, 1919. It was further proven that the premium upon the policy had never been paid to J. B. Harris. We are satisfied, however, that the proof sufficiently shows that the premium was paid to H. E. Hare, the soliciting agent, and under our statute payment to the soliciting agent is payment to the appellant. Section 7033, Rem. Comp. Stat. [P. C. § 2909], provides as follows:

"'Solicitor' or 'Insurance Solicitor' is a person duly appointed, authorized and employed by a duly commissioned agent to solicit, receive, and forward applications for insurance and to collect premiums for the agent."

Upon the question as to whether or not this insurance policy was cancelled by giving five days' written notice to respondent, the insurance code provides:

"Any fire insurance policy may be cancelled at any time by the insurer giving the insured or his representative in charge of the property insured, and the mortgagee, if the insurance is for the benefit of the mortgagee, five days' notice of such cancellation, and if the premium has been actually paid, by paying in cash or mailing by registered letter with proper postage affixed thereto, addressed to the insured at his usual or last known postoffice address, a postoffice or express company money order or bank draft for the return premium computed at pro rata rate for the time the insurance has yet to run, . . ." Rem. Comp. Stat., § 7154 [P. C. § 3016].

There is no proof that appellant paid, or offered to pay, the prorated amount of the premium upon the policy, and the attempted cancellation was not effective.

It is contended by appellant that, even though no part of the premium was returned to respondent, this provision of the statute was waived when respondent stated that he would return the policy, relying upon *Violette v. Insurance Co. of Pennsylvania*, 92 Wash. 685, 159 Pac. 896, 161 Pac. 343; *Tacoma Lumber & Shingle Co. v. Fireman's Fund Ins. Co.*, 87 Wash. 79, 151 Pac. 91. At the time of the alleged statement of respondent that he would return the policy, he also said that he would secure a policy in a larger amount. We have said:

"The refusal to surrender the first policy evidences the fact that respondent did not acquiesce in its cancellation nor admit its liability had fully ceased." *Tacoma Lumber & Shingle Co. v. Fireman's Fund Ins. Co., supra.*

We are satisfied that the failure of respondent to return the policy sufficiently shows that it was not his intention to surrender the same.

The judgment of the trial court is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.