[No. 28585.   Department One.   April 20, 1942.]

THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*,
*Respondents,* v. NORTHWESTERN MUTUAL FIRE
ASSOCIATION *et al., Appellants.*[1]

[1]Reported in 124 P. (2d) 944.

*E. M. Swan* and *Shank, Belt, Rode & Cook,* for appellants.

*Bates & Burnett, McMullen & Snider, The Attorney General,* and *Edward S. Franklin, Assistant (E. J. Cummins,* of counsel), for respondents.

DRIVER, J.—The several respondents on this appeal, as plaintiffs in the superior court, brought separate actions against defendants Sam Rawson and Fred Rawson for damages for injuries to persons and property resulting from an accident in which defendants' truck was involved. The actions were consolidated for trial, and plaintiffs prevailed. The judgment was not paid, and plaintiffs instituted garnishment proceedings against the two insurance companies which had issued a policy of casualty insurance on defendants' truck. At the trial of the garnishment action, after all the evidence had been introduced, counsel for both parties agreed that no issue of fact had been raised, and the court accordingly dismissed the jury. Judgment was entered for plaintiffs, and the insurance companies, garnishee defendants, appealed.

The material facts are as follows: The accident out of which respondents' cause of action arose occurred on September 27, 1939, in Clark county, Washington. Appellants previously had sold their combination insurance policy on the Rawson truck to one of its owners. The policy covered bodily injury and property damage liability for the period of one year commencing June 9, 1939. It contained this provision:

"This policy may be cancelled at any time by the Company by giving to the insured a five (5) days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired term, which excess if not then

refunded, shall be refunded as soon as practicable after cancellation becomes effective."

A special rider attached to the policy specified that

"The provisions of this endorsement shall apply only while any motor vehicle to which the policy is applicable is being operated or used by the insured under the jurisdiction of the Public Utilities Commission of Oregon. . . .
"3. CANCELLATION. The policy cannot be cancelled by the insurer or by the insured until fifteen (15) days after the date the Public Utilities Commissioner of Oregon has received notice of cancellation from the Insurer."

Only a portion of the premium had been paid when the policy was issued, and, on August 1, 1939, appellants mailed the following notice to the assured:

"You are hereby notified that the Northwestern Mutual Fire Association and the Northwest Casualty Company have elected to cancel their combination Policy No. 732-3386 issued to you, with loss, if any, payable to _____ and that effective twelve o'clock Noon, on the 11th day of August, 1939, said policy and the whole thereof will stand cancelled without further notice, and thereafter be null and void, and no liability will exist thereunder, UNLESS IN THE MEANTIME PAYMENT OF THE WHOLE PREMIUM DUE UNDER SAID POLICY IS MADE TO THE UNDERSIGNED, their representative, or their depositary bank.

"If payment is not made a bill for the premium earned to the time of cancellation will be forwarded in due course. If the premium has been paid in part by dividend and/or return premium credit or by cash remittance, the excess of such credit or payment above the pro rata premium calculated from due date to cancellation date will be refunded upon demand, if not tendered herein."

The insured testified that he received the notice, and the sufficiency of the method of giving it is not questioned. He did not pay the balance of the premium,

and, on August 17, 1939, the public utilities commissioner of Oregon was notified that the policy had been canceled. On August 11th, the effective cancellation date fixed by the notice, the insured was entitled to a premium refund of $5.75, an amount sufficient to keep the policy in force until after September 27th, the date of the accident. Appellants refunded this $5.75 to the insured, just when, the record does not show. The insured testified that it was probably about January, 1940.

The only question presented is whether or not the policy was in force at the time of the accident. Appellants assert that it was not, because it had been canceled by notice in accordance with its terms.

The notice which appellants gave to the insured was not a mere conditional expression of an intention to cancel the policy at some future time. On the contrary, it was an unequivocal declaration that the policy would "stand cancelled without further notice" on August 11th unless the whole premium was paid in the meantime. It was not necessary for the appellants to take any further affirmative action to effect cancellation. *Ralston v. Royal Ins. Co.*, 79 Wash. 557, 140 Pac. 552; *Knutzen v. Truck Ins. Exchange*, 199 Wash. 1, 90 P. (2d) 282.

In the absence of some restrictive statutory provision, the appellants and the insured had the right to specify in their insurance contract the method by which it could be canceled. They did very clearly and definitely provide that it could be canceled on five days' notice by the insurer *"with or without tender"* of the excess of paid premium; and that, if canceled without tender, refund should be made "as soon as practicable *after cancellation.*" A statute of this state (Rem. Rev. Stat., § 7154 [P. C. § 3016]) provides that, in the case of a fire insurance policy, the insurer must

refund the excess premium as a condition precedent to cancellation, but there is no such statutory requirement as to casualty insurance. The giving of the notice of cancellation by the appellants without a tender of excess premium terminated the insurance on the specified date and created a debtor and creditor relationship between them and the insured as to such excess. As the eighth circuit court of appeals said in *Summers v. Travelers Ins. Co.*, 109 F. (2d) 845, 127 A. L. R. 1336, 1339, with reference to an insurance policy provision similar to the one we have here:

"The return of the unearned premium was not under this contract of insurance a condition precedent to the company's right to cancel [citing cases]. The giving of notice under the provisions of the policy terminates the insurance. The unearned premium is to be returned to the insured as a consequence of cancellation and not as a condition precedent to such cancellation."

It is true, as respondents point out, that appellants' notice of cancellation stated, in effect, that the unearned premium would be refunded "on demand" although the policy provided that such refund should be made "as soon as practicable." This variation was not such as to invalidate the notice. The entire second paragraph of the cancellation notice may be regarded as surplusage, as the notice would have been complete and valid without it. In that paragraph, the insured was advised that he would be billed for any unpaid premium earned to the time of cancellation, or, on the other hand, if he should be entitled to a return of part of his premium payment, it would be refunded upon demand. The statement was not such as to mislead the insured, and there is nothing in the record to indicate that he was in any way deceived by it.

Respondents particularly stress the fact that the appellants mailed the policy to the public utilities

commissioner of Oregon, where it was held until after the accident, and the insured had never read it. This circumstance was not material. The insured operated his truck part of the time in Oregon, and it was for his benefit, and we may assume at his direction, that the policy was deposited with the utilities commissioner of that state. He could have read it had he so desired—the appellants did nothing to withhold or conceal it from him—and he was bound by its provisions.

Respondents also contend that the cancellation provision in the instant case is not substantially different from the "Standard Cancellation Clause"; that, by the weight of authority, the latter has been construed as requiring refund by the insurer of the excess of paid premium at the time the cancellation notice is given as a condition precedent to cancellation; and that this court should, therefore, apply the same rule of construction in the case at bar. The contention, we think, is based upon an unsound premise. The cancellation provision of appellants' policy is materially different from the so-called standard clause, which reads:

"This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void, or cease, the premium having been actually paid, the *unearned portion shall be returned on the surrender of this policy* or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, *it shall retain only the pro-rata of premium.*" (Italics ours.)

It will be noted that the two italicized portions of the above-quoted clause are not entirely consistent. In a comprehensive annotation following the case of *Summers v. Travelers Ins. Co., supra,* 127 A. L. R. 1341,

the author, under § II b, p. 1347, points out that, in the construction of the standard cancellation clause, there are two conflicting lines of authority; that a majority of the courts have looked specifically to, and been guided by, the provision that the insurer "shall retain only the pro rata of premium," and have held that the return or tender of the excess premium is a prerequisite to a cancellation of the policy by the insurer; but the sizable minority have placed the emphasis on the provision that the unearned portion of the premium shall be returned on the surrender of the policy, and have held that refund or tender is not a condition precedent to cancellation. There is no comparable uncertainty or inconsistency in the cancellation clause involved in the case at bar. Here, the policy plainly specifies that the insurer may cancel it with or *without tender* of the unearned portion of the premium, and that any excess premium shall be refunded *after the cancellation has been accomplished.* The policy was effectively canceled by the appellants and was not in force at the time of the accident.

The conclusion which we have reached makes it unnecessary for us to consider any other contention advanced by the appellants.

Judgment reversed.

ROBINSON, C. J., MAIN, and STEINERT, JJ., concur.

MILLARD, J. (dissenting)—I dissent. Appellant retained the premium for the period in which the accident happened; this with full knowledge of all the facts. By such conduct, the appellant asserted the validity of the policy for the period covered by the premium retained, and definitely waived every objection on which the validity of the insurance contract could be denied. The judgment should be affirmed.