[No. 35252.   Department Two.   April 28, 1960.]

JOHN P. FOSTER, *Appellant*, v. THE HALIFAX INSURANCE COMPANY OF NEW YORK, *Respondent.*[1]

*Frederick W. Post,* for appellant.

*Clarke, Clarke, Albertson & Bovingdon,* for respondent.

FOSTER, J.—The sole issue to be here decided is whether a policy of fire insurance is cancelable by notice of cancellation without the return of premium.

The plaintiff sued on a policy of fire insurance. The action was dismissed at the conclusion of the plaintiff's case, from which judgment he appeals.

There is no dispute of fact.

The respondent, Halifax Insurance Company of New York, through its general agent by its local agent, issued to the appellant a fire insurance policy on which premiums were paid by the local agent. Subsequently, a notice of cancellation, properly addressed, was mailed to the appellant, which notice was actually received several months prior to the fire. The respondent, at the time of mailing the cancellation notice, paid the unearned premium to the local agent who credited it upon appellant's indebtedness.

The controlling statute, RCW 48.18.290, is as follows:

[1] Reported in 351 P. (2d) 931.

"(1) Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:

"(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation."

Section 1(b) applies to mortgages, and is not here involved. Paragraph (2) deals with the method of mailing the notice. Paragraph (3) relates to the proof of mailing. Paragraph (4) is as follows:

"(4) The portion of any premium paid to the insurer on account of the policy, unearned because of the cancellation and in amount as computed on the pro rata basis, must be actually paid to the insured or other person entitled thereto as shown by the policy or by any endorsement thereon, or be mailed to the insured or such person as soon as practicable following such cancellation. Any such payment may be made by cash, or by check, bank draft, or money order."

Paragraph (5) excludes life or disability insurance.

Under the prior statute,[2] *Snavely v. London Assurance Corp.*, 128 Wash. 47, 221 Pac. 611, held that the actual return of premiums in case of cancellation was a condition precedent. But, by the plain terms of paragraph 1(a) of the existing statute, the cancellation is effective upon mailing notice of that fact to the insured. Paragraph (4) is the very antithesis of the prior statute upon which our decision in *Snavely v. London Assurance Corp., supra,* was based. Under the former statute, the return of the premium was a

[2] " 'Any fire insurance policy may be cancelled at any time by the insurer giving the insured or his representative in charge of the property insured, and the mortgagee, if the insurance is for the benefit of the mortgagee, five days' notice of such cancellation, and if the premium has been actually paid, by paying in cash or mailing by registered letter with proper postage affixed thereto, addressed to the insured at his usual or last known postoffice address, a postoffice or express company money order or bank draft for the return premium computed at pro rata rate for the time the insurance has yet to run, . . .' Rem. Comp. Stat., § 7154 [P.C. § 3016]." *Snavely v. London Assurance Corp.,* 128 Wash. 47, 221 Pac. 611.

condition precedent without which cancellation could not be effected. Under the present statute, cancellation is not dependent upon the return of the premium. The mailing of notice of cancellation is all that is required.

Affirmed.

WEAVER, C. J., HILL, ROSELLINI, and HUNTER, JJ., concur.