[No. 259-41494-2.     Division Two.     October 28, 1971.]

CHARLES S. TYLER et al., *Appellants,* v. MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, *Respondent,* ROSS DENT INSURANCE AGENCY, INC., *Appellant.*

---

[4]*See* footnote 2.

*Douglas A. Wilson,* for appellants Tyler.

*Thomas B. Grahn* (of *Halverson, Applegate, McDonald, Bond, Grahn & Wiehl*), for appellant Ross Dent Insurance Agency, Inc.

*Frank W. Draper* (of *Detels, Draper & Marinkovich*), for respondent.

PETRIE, C.J.—The primary issue presented by this appeal is whether or not the insurer effectively canceled a policy of fire insurance which it had previously issued.

Through Ross Dent Insurance Agency of Yakima, the Michigan Millers Mutual Insurance Company insured the property of Charles S. Tyler and Grace E. Tyler, husband and wife, against loss by fire for the policy period June 13, 1964 to June 13, 1967. Mr. and Mrs. Tyler paid the 3-year premium in full.

The policy provision governing cancellation thereof provided:

> This policy shall be cancelled at any time at the request of the insured, in which case this Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by this Company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand.

On September 10, 1964, Michigan Millers, through its general agent, Brooks K. Whittle, Inc., of Seattle, mailed to the Tylers a notice of cancellation, effective September 16, 1964. Said notice provided in part:

> By virtue of this notice, as issued to you, the Policy will be cancelled and all liability of the above named company under said Policy will cease at and from the effective date of cancellation as shown above, without further notice.
>
> If the premium has been paid, the excess of paid premium above the pro rata premium for the expired term, if not tendered to the named insured herewith, will be refunded as soon as practicable. If the premium has not been paid, a bill for the premium earned to the time of cancellation will be forwarded in due course.

There is a factual dispute as to precisely what took place after the Tylers received this cancellation notice. There is, however, substantial evidence in the record to support the trial court's resolution of that dispute by its finding that Mrs. Tyler telephoned her local agent Ross Dent, advised the agency that she had received the notice of cancellation, and that thereupon, the court found:

> The Ross Dent Insurance Agency, Inc., then advised plaintiff-wife that the property in question was, in fact, fully covered by fire insurance, notwithstanding the "Notice of Cancellation," and plaintiff-wife was instructed to disregard the said Notice.

It is undisputed that Mrs. Tyler mailed the notice back to the general agent in Seattle after having written upon the face thereof, the following:

> Dear Sir:
>
> Would you please write and explain what policy this is, as I am unaware I had it.
>
> Mr. Charles and Grace Tyler

The Tylers at no time received any comment, explanation, or clarification either from the insurance company or its general agent in response to said inquiry; nor have they ever had returned to them any portion of the premium paid. On April 10, 1966, the property which had been covered by this policy was partially destroyed by fire.

The insurance company having denied liability under its policy, the Tylers brought this action against Dent and also against Michigan Millers, alleging (so far as this appeal is

concerned) (1) that the policy of fire insurance was in force on the date of the fire; (2) that defendants were negligent in failing to properly notify Tylers of the purported cancellation of the policy and in assuring Tylers at all times that their premises were adequately covered by an existing insurance policy; and (3) that the defendants were estopped from denying the existence or validity of the insurance contract. Defendant Dent denied the material allegations in the complaint and also cross claimed against Michigan Millers, seeking judgment over, in the event judgment be entered against Dent, for Michigan Millers' failure to notify Dent of the cancellation of the policy. Michigan Millers denied the material allegations of both the complaint and the cross claim, and by way of its own cross claim sought full indemnity from Dent in the event judgment be entered against Michigan Millers.

At the commencement of trial, plaintiffs moved and were granted permission to sever their causes of action against Dent, and the remainder of the matters at issue proceeded to trial to the court. The court, having entered findings and conclusions, entered judgment in favor of Michigan Millers and dismissed with prejudice Tylers' action and Dent's cross action. Tylers and Dent have both appealed to this court, each contending that Tylers' action against Michigan Millers should not have been dismissed. In addition, Dent contends (in the event judgment dismissing Tylers' claim is affirmed by this court) that the portion of the judgment dismissing Dent's claim for judgment over against Michigan Millers should be reversed.

We consider first the major issue: Whether or not Michigan Millers effectively canceled the policy by mailing the specific notice to the insured, which was actually received by the Tylers.

Tylers contend that the notice was ineffective because it did not comply with the provisions of RCW 48.18.290 (4) as follows:

> The portion of any premium paid to the insurer on account of the policy, unearned because of the cancella-

tion and in amount as computed on the pro rata basis, *must be actually paid* to the insured or other person entitled thereto as shown by the policy or by any endorsement thereon, *or be mailed* to the insured on such person *as soon as practicable following such cancellation.* Any such payment may be made by cash, or by check, bank draft, or money order.

(Italics ours.)

Admittedly, neither Michigan Millers nor its general agent nor Dent, the local agent, has ever returned any unearned premium to the Tylers. Further, under a prior cancellation statute,[1] return of the unearned premium was a condition precedent to cancellation. *Snavely v. London Assurance Corp.*, 128 Wash. 47, 221 P. 611 (1924). With commendable candor, Tylers direct our attention to what appears to be the only judicial interpretation of subsection (4) of the current statute:

> Paragraph (4) is the very antithesis of the prior statute upon which our decision in *Snavely v. London Assurance Corp., supra,* was based. Under the former statute, the return of the premium was a condition precedent without which cancellation could not be effected. *Under the present statute, cancellation is not dependent upon the return of the premium.* The mailing of notice of cancellation is all that is required.

(Italics ours.) *Foster v. Halifax Ins. Co.*, 56 Wn.2d 148, 149, 351 P.2d 931 (1960).

Tylers contend, however, that we should not apply the statutory interpretation of *Foster* to this case, because in *Foster* the insured had paid *no* premium and therefore could not expect to be reimbursed for any portion of any *unearned* premium. We cannot agree that the statute should be interpreted in two different manners dependent upon whether or not the insured had in fact paid any portion of the premium prior to cancellation. The statute does not require return of the unearned premium as soon as practicable following *mailing* of the *notice* of cancella-

---

[1]Laws of 1911, ch. 49, § 108 [P. C. § 3016], repealed by section .34.01, chapter 79, Laws of 1947.

tion, but rather "as soon as practicable following *such cancellation.*"

We hold, therefore, that it is not a statutory requirement that the unearned premium be returned to the insured as a condition precedent to cancellation. The mailing of the notice followed by the actual delivery thereof pursuant to the statutory mandate constituted the cancellation, assuming the notice was itself sufficient.

It is contended, however, that the notice was not sufficient because it did not comply with the policy provision that the notice "shall *state* that the excess premium (if not tendered) will be *refunded on demand.*" Instead, the notice merely declared that the unearned premium "will be *refunded as soon as practicable.*" The thrust of this argument lies not in the failure to refund on demand but rather in the failure of the notice to *state* that the premium will be refunded on demand.

There are two answers to this contention. First, there is no statutory requirement specifying precisely what the notice of cancellation shall state. Thus, the parties are free, within the bounds of the general statutory requirements, to contract freely as to the specific contents of a notice of cancellation. Certainly, however, under the requirements of RCW 48.18.290(4), no insured could be required by any policy agreement, as a condition of refund, to make formal demand therefor, because the statute requires refund "as soon as practicable." It appears to us, therefore, that any policy provision which requires a notice to so state transgresses the statutory mandate.

Secondly, this jurisdiction has already enunciated the rule, absent some restrictive statutory provision, that a notice which states that the excess premium "will be refunded on demand," when the policy provides such premium "shall be refunded as soon as practicable after cancellation becomes effective," does not constitute an invalidating variance. *Department of Labor & Indus. v. Northwestern Mut. Fire Ass'n,* 13 Wn.2d 288, 124 P.2d 944 (1942). The court concluded at page 292:

The statement was not such as to mislead the insured, and there is nothing in the record to indicate that he was in any way deceived by it.

A fortiori, where the statement promised return of premium as soon as practicable, in contrast to a policy requirement that the notice state it will be refunded on demand, the statement was not such as to mislead the insured. There is nothing in this record to indicate that such variation in any way deceived the insured. We hold, therefore, that the variation between the actual wording of the notice and the policy requirement as to what it should state, in the absence of any facts to indicate the insured was either misled or deceived thereby, did not constitute an invalidating variance.

We must conclude, therefore, that the trial court was correct in holding that the fire insurance policy was effectively canceled and no longer in force on the date of the fire.

■ Plaintiffs next contend·that they are entitled to recover by reason of the negligent acts of the general agent, Brooks K. Whittle, Inc., in failing to respond to Mrs. Tyler's written inquiry and in failing to notify the local agent, Dent. The general agent had no duty to respond to Mrs. Tyler's inquiry; they had, as we have seen, effectively mailed a sufficient notice which had canceled the policy designated on the face of the notice. Further, so far as Tylers were concerned, there was no duty to notify Dent; Tylers had, in fact, received actual notice. Undoubtedly, this is what the trial court determined by its finding of fact No. 12:

> The MICHIGAN MILLERS MUTUAL INSURANCE COMPANY did, in fact, notify the plaintiffs that the policy in question was cancelled and the company may not accordingly be held negligent for failing to do so.

The factual portion of that finding is supported by the record, and the conclusional portion follows from the facts.

Plaintiffs finally contend that Michigan Millers is estopped from denying that the policy was in full force and

effect by reason of negligent acts or omissions on the part of their general agent. In addition to the omissions set forth in the preceding paragraph, *i.e.*, failure to respond to Mrs. Tyler's inquiry and failure to notify Dent of the cancellation, Tylers also point to Michigan Millers' failure to return the unearned premium, either to themselves or to the local agent, Dent, and failure to request return of the policy to either Dent or to the insurer itself. The short answer to this contention is contained in the court's findings of fact No. 13 and 14,[2] each of which is supported by the facts and reasonable inferences deducible therefrom. The court simply determined, as a fact, that the reason the Tylers failed to secure other insurance on their premises was their reliance upon statements and assurances given to them by Dent. Thus, there can be no estoppel asserted against Michigan Millers.

We turn, finally, to the somewhat awkwardly positioned alternative contention of Dent, that the trial court erred by dismissing with prejudice its cross claim against Michigan Millers. As we understand Dent's contention, it is simply that its cross claim should remain open for determination at some future date when Tylers' claim against Dent is ultimately tried. Dent does not specifically contend that

[2]Finding of Fact No. 13: "At the time of receiving the 'Notice of Cancellation' the plaintiffs knew that such Notice pertained to the policy in question and that the policy had therefore been cancelled by THE MICHIGAN MILLERS MUTUAL INSURANCE COMPANY."

Finding of Fact No. 14: "The plaintiffs did partially rely upon but were not justified in relying upon the failure of the insurance company and/or its general agent to reply to the note written by plaintiff-wife on the 'Notice of Cancellation' and/or upon the failure of the company or its general agent to return the unearned premium, as evidencing that the policy in question had, in fact, not been cancelled. The plaintiffs did also partially rely upon and were justified in relying upon the statements of the agency to plaintiff-wife, in the course of the aforesaid telephone conversation, to the effect that plaintiffs should ignore the 'Notice of Cancellation' and that the plaintiffs' referred property was, in fact, covered by fire insurance. That by reason of the said reliance on the agency's statements and assurances, plaintiffs failed to secure other insurance coverage on their property, which was subsequently partially destroyed by fire."

trial of its cross claim was specifically reserved by Tylers' motion to sever. Indeed, the record clearly indicates that Dent actively participated in the trial, not only in its capacity of defending against Michigan Millers' cross claim for indemnity against Dent, but also in its capacity of prosecuting its own cross claim against Michigan Millers based upon Michigan Millers' alleged failure to notify Dent of the cancellation of the policy. Thus, we could not in any event declare that Tylers' motion to sever their claim against Dent, per se, included a severance of Dent's cross claim against Michigan Millers. Certainly, the record in no way reflects that Dent specifically sought to sever its cross claim against Michigan Millers.

Dent's real contention, however, is that because the trial court refused to make and enter a specific finding as to the exact telephone conversation Mrs. Tyler had with a member of Dent's staff—or even identify the specific person to whom she talked—the entire matter of the disputed telephone conversation is open for determination at the subsequent trial on Tylers' claim against Dent. In this connection, Dent hypothesizes that a subsequent trier of the facts could well find that if any conversation took place, it was simply a general inquiry by Mrs. Tyler asking if the property in question was insured; that under such a general conversation, Dent would simply have looked at the "daily" in its files and, seeing that no notice of cancellation superseded issuance of the policy, would then have assured her that the policy continued in force. Such a hypothetical conversation, Dent contends, would support its cross claim against Michigan Millers.

However valid Dent's hypothesis of a potential future fact finder's determination of the precise nature of the telephone conversation may be, it remains an undisputed fact that the trial court did make and enter factual findings, supported by substantial evidence in the record, that Mrs. Tyler did notify the agency within 24 hours of receipt of the notice of cancellation that *she had received it,* and that

Dent had *actual* knowledge of the policy cancellation by reason of the telephone conversation with Mrs. Tyler. Those findings were both necessary and sufficient to form the basis for resolving not only the issues presented by Tylers' action against Michigan Millers but also Dent's cross claim against Michigan Millers.

Judgment is affirmed.

PEARSON and ARMSTRONG, JJ., concur.