| | | |
|---|---|---|
| CAROLYN R. FRANKLIN and<br>EDWARD J. FRANKLIN, | ) | |
| | ) | Maury County  Circuit |
| Plaintiffs, | ) | Case No. 6232 |
| | ) | |
| VS. | ) | |
| | ) | |
| REBECCA A. KIMBERLY and | ) | Appeal No. |
| RAY KIMBERLY, | ) | 01A01-9701-CV-00009 |
| | ) | |
| Defendants, | ) | |
| | ) | |
| SERVED AS UNINSURED MOTORIST | ) | |
| CARRIERS: | ) | |
| | ) | |
| ST. PAUL INSURANCE COMPANY, | ) | |
| a/k/a ECONOMY FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| TENNESSEE FARMERS MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

FILED

July 9, 1997

Cecil W. Crowson
Appellate Court Clerk

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEALED FROM THE CIRCUIT COURT OF
### MAURY COUNTY,  TENNESSEE

### HONORABLE WILLIAM B. CAIN, JUDGE

Kurtis J. Winstead #13084
CORNELIUS & COLLINS
2700 Nashville City Center
511 Union Street
Nashville, TN 37219
ATTORNEY FOR APPELLANT, ST. PAUL INSURANCE COMPANY

Lawrence D. Sands #11667
SANDS & SANDS
P.O. Box 1660
Columbia, TN 38402-1660
ATTORNEYS FOR PLAINTIFFS,
CAROLYN R. AND EDWARD J. FRANKLIN

Edward Lawwell #3063
LAWWELL DALE & GRAHAM
P.O. Box 1017
Columbia, TN 38402-1017
ATTORNEY FOR APPELLEE
TENN. FARMERS MUT. INS. CO.

### AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE,
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| CAROLYN R. FRANKLIN and<br>EDWARD J. FRANKLIN, | ) |
| | )   **Maury County Circuit** |
|     **Plaintiffs,** | )   **Case No. 6232** |
| | ) |
| **VS.** | ) |
| | ) |
| REBECCA A. KIMBERLY and | )   **Appeal No.** |
| RAY KIMBERLY, | )   **01A01-9701-CV-00009** |
| | ) |
|     **Defendants,** | ) |
| | ) |
| SERVED AS UNINSURED MOTORIST | ) |
| CARRIERS: | ) |
| | ) |
| ST. PAUL INSURANCE COMPANY, | ) |
| a/k/a ECONOMY FIRE AND CASUALTY | ) |
| COMPANY, | ) |
| | ) |
|     **Appellant,** | ) |
| | ) |
| TENNESSEE FARMERS MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     **Appellee.** | ) |

# O P I N I O N

This is an appeal from an interlocutory ruling which the Trial Judge rendered final as provided by TRCP Rule 54.02. The controversy on appeal is between St. Paul Insurance Company, a/k/a Economy Fire and Casualty Company, (hereafter St. Paul), and Tennessee Farmers Mutual Insurance Company (hereafter Tennessee Farmers). The plaintiffs have filed a brief in support of their interest in the disposition of the appeal.

The background of the controversy is as follows:

On May 11, 1993, St. Paul issued to Edna Franklin, a policy of automobile insurance on a 1980 Chevrolet Malibu providing uninsured/underinsured motorist coverage expiring on November 11, 1993. The policy contained the following provisions pertinent to this appeal:

B. Insured as used in this part means: You or any member of your family.

- - - -

Other insurance:

A. If there is other applicable bodily injury liability or property damage liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance -

D. **Transfer of your interest in this policy.**
Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided until the end of the policy period for:

- - - -

2. the legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintenance or use of your covered auto.

- - - -

3. **Automatic Termination**. If you obtain other insurance on your covered auto, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

On July 28, 1993, the insured, Edna Franklin expired, and her son, Edward J. Franklin, took possession of the 1980 Chevrolet Malibu.

On August 18, 1993, Edward J. Franklin caused Tennessee Farmers to add the 1980 Chevrolet Malibu to his existing policy on another motor vehicle owned by him. The Tennessee Farm policy contained the same provisions as those quoted above from the St. Paul policy. However, the amounts payable under the two policies were not the same.

On October 21, 1993, while both policies remained in force, and while the 1980 Chevrolet Malibu was in the possession and control of Carolyn R. Franklin, wife of Edward J. Franklin, the 1980 Chevrolet Malibu was struck by a vehicle operated by Rebecca A. Kimberly.

## PROCEEDINGS IN THE TRIAL COURT

On September 1, 1994, Carolyn R. And Edward J. Franklin sued Rebecca A. Kimberly and Edward J. Kimberly for personal injuries, serving St. Paul and Tennessee Farmers as unnamed uninsured motorist insurers.

On September 22, 1994, Tennessee Farmers answered admitting uninsured motorist coverage of $100,000.00 for injury to one person and maximum coverage of $300,000.00 for all bodily injuries, but denying liability.

On April 4, 1996, St. Paul answered denying liability and asserting the automatic termination clause quoted above, admitting the existence of uninsured motorist coverage of $250,000.00 for one injury and $500,000.00 coverage for all injuries, and claiming credit for $30,000.00 advance payment to the plaintiffs.

On August 12, 1996, St. Paul filed a "Petition for Declaratory Judgment and/or Summary Judgment," supported by authenticated copies of the two policies mentioned above and a deposition as to the facts.

On September 11, 1996, Tennessee Farmers filed a response in opposition to St. Paul's petition for summary judgment and requesting a declaration that the liability of the two insurers be proportioned 2/7 to Tennessee Farmers and 5/7 to St. Paul.

On October 30, 1996, the Trial Judge entered judgment as follows:

> For the reasons specified in its letter dated October 2, 1996, which is hereby incorporated into this decree of judgment by reference, the court holds that the ONE HUNDRED THOUSAND DOLLARS ($100,000.00) uninsured motorist coverage by Tennessee Farmers Mutual Insurance Company reduced the uninsured motorist coverage provided by St. Paul

Insurance Company to the extent of ONE HUNDRED
THOUSAND DOLLARS ($100,000.00) leaving St. Paul
Insurance Company providing ONE HUNDRED FIFTY
THOUSAND DOLLARS ($150,000.00) uninsured motorist
coverage and Tennessee Farmers Mutual Insurance Company
ONE HUNDRED THOUSAND DOLLARS ($100,000.00)
underinsured motorist coverage. The court further finds that
the proration clause in both policies is applicable and
therefore, the applicable underinsured motorist coverage is to
be prorated on the basis of 1.5 by St. Paul Insurance Company
to one by Tennessee Farmers Mutual Insurance Company
(60% to 40%) up to the full extent of TWO HUNDRED
FIFTY THOUSAND DOLLARS ($250,000.00) if necessary.

There being no just reason for delay, the court directs entry of
this judgment as a final judgment on the declaration of rights
of the underinsured motorist policies of St. Paul Insurance
Company and Tennessee Farmers Insurance Company in
accordance with Rule 54.02 of the Tennessee Rules of Civil
Procedure.

## CONTENTIONS OF THE PARTIES ON APPEAL

St. Paul states the issue on appeal as follows:

I. Did the Trial Court err in finding that the automatic
termination provision in the St. Paul policy did not operate to
relieve St. Paul of underinsured motorist liability for the
accident which occurred on October 21, 1993?

In amplification, St. Paul states:

St. Paul is appealing the Circuit Court's declaration that the
automatic termination provision of its automobile insurance
policy did not apply to totally relieve St. Paul of underinsured
motorist coverage in this case.

No applicable Tennessee authority is cited or found. In *Taxter v. Safeco Insurance Company*

*of America*, Wash., (Wash. Ct. App. 1986), 721 P.2d 972, cert. Denied, 108 Wash.2d 1037 (1987),

the Taxter's held a Safeco automobile policy which expired on November 25, 1983, but a grace

period allowed 30 days for renewal. On December 2, the Taxters procured a similar policy from

Ranier, another insurer. They intended to cancel the Safeco policy, but did not do so. On December

13, 1983, the Taxter's vehicle was involved in a collision with a vehicle operated by a Mr. Russell. At the suggestion of the Safeco agent, the Taxters paid the premium for renewal of the Safeco policy. Safeco paid the Taxters $3,997.70 property damages but declined further payment, relying upon its policy which provided for proration of liability of insurers where coverages overlapped. The Washington appellate courts granted summary judgment to Safeco stating:

> [1] Here, while the insures did not communicate their intent to replace the policy, Safeco's policy terms provide the necessary mutual consent. These terms provide:
>
>> If *you* ([the insured] obtain other insurance on your covered auto, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.
>
> (Italics ours.) We cannot ignore the language in the contract nor revise the contract under the theory of construing it. *Farmers ins.. Co. v. Miller*, 87 Wash.2d 70, 73, 549 P.2d 9 126 (1976). The Taxters consented to these terms when they obtained the Safeco policy. They cannot claim lack of notice when they had either actual or constructive knowledge of it. We conclude the Safeco policy terminated to the extent the Rainier policy provided similar coverage.
>
> - - - -
>
> The insurer and insured have the right to specify in their insurance contract the method by which it can be terminated. Department of Labor & Indus. v. Northwestern Mut. Fire Ass'n., 13 Wash.2d 288, 291, 124 P.2d 944 (1942).

We note, however, that both policies in the *Taxter* case provided the same amount of uninsured motorist coverage. The coverage was not only similar but identical. So, even under the rule we adopt today the result *in Taxter* would be the same.

We diverge from the holding in *Taxter*, however, to the extent that the Washington court's decision stands for the proposition that coverage in any amount cancels the entire amount of that coverage in the original policy. St. Paul's policy says "coverage" in its policy will terminate when "any similar insurance" is obtained on the same automobile. We think similar in this context may have more than one meaning. It may mean "similar in kind" or "similar in kind and amount." One

standard reference defines similar as "nearly corresponding; resembling in many respects; somewhat like; having a general likeness." (citing authorities). Black's Law Dictionary, 4th Ed. The same source, however, cites other authorities for the meaning of "exactly like; identical; exactly corresponding" (at least in all essential particulars). *ld*.

A contract of insurance is strictly construed in favor of the insured. *Gridig v. Tennessee Farmers Mutual Ins. Co.*, 891 S.W.2d 909 (Tenn. App. 1994). Where one meaning of a policy term provides coverage and another meaning would defeat coverage, we will adopt the meaning that preserves the coverage for the insured. *Tata v. Nichols*, 848 S.W.2d 649 (Tenn. 1993). Therefore, we hold that the insurance coverage in the two policies is similar only to the extent of the amount of coverage in the second policy .

Although the St. Paul policy was issued in Indiana, it is not argued that Indiana law differs from Tennessee law in any material respect.

The judgment of the Trial Court is affirmed and the cause is remanded to the Trial Court for further proceedings in conformity with this opinion.

Judgment is rendered against St. Paul Insurance Company for costs of this appeal for which execution may issue.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE